# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **JARRED JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CASE NO. 3:12-cv-00186** |
| **v.** | ) | **District Judge Trauger** |
| | ) | **Magistrate Judge** |
| | ) | |
| **TRUCAP REO CORP.,** | ) | **Removed from the Chancery** |
| **MARIX SERVICING, and WEISS** | ) | **Court for the 21st Judicial** |
| **SPICER CASH, PLLC** | ) | **District of Tennessee** |
| | ) | **(Williamson County)** |
| **Defendants.** | ) | **No. 40536** |
| | ) | |

_____

## MEMORANDUM OF LAW OF MARIX SERVICING, LLC AND TRUCAP REO CORP. IN SUPPORT OF THEIR MOTION TO DISMISS

_____

COME NOW Defendants Marix Servicing, LLC ("**Marix**") and Trucap Reo Corp. ("**Trucap**") (collectively, "**Defendants**"), by and through their undersigned counsel, and hereby file this their Memorandum of Law in Support of Defendants' Motion to Dismiss the Complaint (the "**Motion**"), respectfully showing this honorable Court as follows:

## I. INTRODUCTION

Plaintiff, Jarred Johnson (the "**Plaintiff**"), filed the "**Complaint**" in the Chancery Court for Williamson County, Tennessee against Defendants on January 6, 2012 (the "**Complaint**" or "**Compl.**"), which was subsequently removed to this

Court. (See generally Compl.)  Plaintiff's Complaint appears to seek damages as well as set aside the non-judicial foreclosure sale of the property commonly referred to as 860 Benjamin Drive, Franklin, Tennessee 37067 (the "**Property**"). (See id. at p. 2, ¶ 6.)  Plaintiff's allegations in the Complaint, however, fail to state any facts that could support any cognizable claim for relief against Defendants. Accordingly, Defendants respectfully request that this Court dismiss Plaintiff's Complaint with prejudice for failure to state a claim upon which relief may be granted.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

On or about July 6, 2007, Plaintiff obtained a loan from Wells Fargo Bank, N.A. ("**Wells**") in the amount of Three Hundred Nine Thousand Nine Hundred Dollars and NO/100 ($309,900.00) plus interest (the "**Loan**").  To secure repayment of the Loan, Plaintiff executed that certain Deed of Trust, recorded at Deed Book 4322, Page 371, Williamson County, Tennessee records (The "**Deed**").[1]  See Compl. at p. 2, ¶¶ 6, 8.  A true and correct copy of the Deed is attached hereto as **Exhibit A.**[2]  Subsequently, Wells assigned all right, title and

---

[1] The Deed of Trust authorizes a non-judicial foreclosure sale.

[2] When ruling on a motion to dismiss, courts may consider materials outside the pleadings when they are matters of public record.  See In re Unumprovident Corp. Sec. Litig., 396 F. Supp. 2d 858, 875 (E.D. Tenn. 2005); see also Maxcess, Inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) (holding that "a document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and it is undisputed in terms of authenticity"); Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1368 (11th Cir. 1997); Breckenridge Creste Apartments, Ltd. v.

interest in the Deed to Trucap Grantor Trust 2010-2 ("**Trucap**"), as evidenced by that certain Assignment of Deed of Trust, recorded at Deed Book 5347, Page 190, Williamson County, Tennessee records (The "**Assignment**"). A true and correct copy of the Assignment is attached hereto as **Exhibit B** and incorporated by reference. Due to default on the Loan secured by the Deed as last assigned to Trucap, Defendants commenced non-judicial foreclosure proceedings, as evidenced by the Substitute Trustee's Deed, recorded at Deed Book 5438, Page 881, Williamson County, Tennessee records (The "**Substitute Deed**"). A true and correct copy of the Substitute Deed is attached hereto as Exhibit C and incorporated by reference.

Defendants removed this action to this Court, and contemporaneously herewith, file their Motion to Stay Discovery and Certain Pretrial Deadlines. Defendants now move to dismiss this action in its entirety.

### III. ARGUMENT AND CITATION OF AUTHORITY

#### A. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it "fail[s] to state a claim upon which relief can be granted." To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft

---

Citicorp Mortgage, Inc., 826 F.Supp. 460, 464 (N.D. Ga. 1993), *aff'd mem.*, 21 F.3d 1126 (11th Cir. 1994) (table decision).

v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007)).  A pleading containing mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555, 127 S.Ct. at 1965. See also Iqbal, 129 S.Ct. at 1949-50 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and are "not entitled to the assumption of truth.").  Rather, plaintiffs are required to make factual allegations which are "enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  Put simply, a complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Iqbal, _____ U.S. at _____, 129 S.Ct. at 1949 (alteration in original) (quoting Twombly, 550 U.S. at 557, 127 S.Ct. at 1955).

A complaint must provide the defendant with fair notice of what plaintiff's claim is.  See Fitten v. Chattanooga Police Dept., 1:06-CV-206, 2008 WL 161003, at *4 (E.D. Tenn. Jan. 15, 2008).  See also Iqbal, ___ U.S. at __, 129 S.Ct. at 1950 (noting that Rule 8 "does not unlock the doors [. . .] for a plaintiff armed with nothing more than conclusions"). Complaints must "'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" Bishop v. Lucent Technologies, Inc., 520 F.3d 516, 519 (6th Cir. 2008) (internal quotations and citations omitted.).

Although a complaint must be construed in the light most favorable to the plaintiff, and its allegations accepted as true, a Court "need not accept as true legal conclusions or unwarranted factual inferences [. . .] and "[c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (internal quotations and citations omitted).

## B. Plaintiff's Complaint Fails to State a Claim Upon Which Relief May be Granted

### 1. Plaintiff's FDCPA Claim Fails.

Plaintiff's Complaint appears to allege that Defendants violated the Fair Debt Collections Practices Act ("**FDCPA**") § 809(b) (codified as 15 U.S.C. § 1692g). See Compl. at p. 6, ¶ 40 ("The Defendant [. . .] refused and neglected to comply with the Fair Debt Collection Practices Act in that it failed to provide to the Plaintiff verification of the debt [. . ..]"). However, this claim, as drafted, must be dismissed.

The two threshold determinations for claims brought under the FDCPA are (1) whether the defendant is a "debt collector;"[3] and (2) whether the claim involves

---

[3] The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly debts owed or due or asserted to be owed or due another." 15 USC § 1692a(6).

the collection of a "debt."[4]  See Morris v. Equi First Corp., 3:09-1086, 2011 WL 1337404, *3 (M.D. Tenn. Apr. 7, 2011), *report and recommendation adopted in* 3:09-CV-1086, 2011 WL 1884602) (M.D. Tenn. May 18, 2011) (internal citations omitted).  "Within the Sixth Circuit, a defendant seeking to enforce a security interest who does not otherwise meet the definition of a debt collector set out in Section 1692a(6) is subject to liability under the FDCPA only pursuant to 15 U.S.C. § 1692f(6)."[5]  See Morris, 2011 WL 1337404, at *4; Montgomery, 346 F.3d at 700-01 (holding that enforcement of a security interest falls outside of the FDCPA except for the provisions of 15 U.S.C. § 1692f(6)).

In the instant case, Plaintiff has failed to sufficiently allege that Defendants are "debt collectors" as that term is defined in the FDCPA.[6]  See generally Compl. Because Plaintiff's FDCPA claim is deficient on its face, this Court should dismiss Plaintiff's FDCPA claim as a matter of law.  See Morris, 2011 WL 1337404, at *4 (dismissing FDCPA claim where "plaintiff offers only a cursory statement that the defendants are debt collectors [. . .] [s]uch a conclusory allegation is simply not

---

[4] "Debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, or services which are the subject of the transaction are primarily for personal family, or household purposes, whether or not such obligation has been reduced to judgment."  15 U.S.C. § 1692a(5).

[5] Plaintiff has not alleged a violation of 15 U.S.C. § 1692f(6) in his Complaint.  See generally Compl.

[6] Plaintiff in his Complaint states, in a wholly conclusory fashion, that Weiss Spicer Cash, PLLC ("Weiss") is a debt collector, see Compl. at ¶ 43, as well as Marix, see Compl. at ¶ 44, while *never once mentioning* that TruCap is a debt collector, see generally id.  As this Court has explained, "[s]uch a conclusory allegation is simply not sufficient to satisfy the plaintiff's burden of showing that defendant[s] … are debt collectors under the FDCPA."  Morris, 2011 1337404, at *4 (collecting cases).

sufficient to satisfy the plaintiff's burden of showing that defendant[s] are debt collectors under the FDCPA"); see also Brown v. Federal Nat. Mortg. Ass'n, No. 1:10-cv-03289, 2011 WL 1134716, at *7 (N.D. Ga. Feb. 28, 2011) (Brill, Magistrate J.) (dismissing FDCPA claim where complaint neither alleged that defendant was a "debt collector" or that defendant "was attempting to collect a debt from Plaintiff on behalf of another party"), *adopted at* 2011 WL 1136275 (N.D. Ga. March 25, 2011) (Thrash, J.)).[7]

Moreover, Plaintiff's FDCPA claim against Defendants appears to be based solely upon Defendants seeking to enforce their security interest and foreclose on the property. See, e.g., Compl. at ¶¶ 38-44. However, "those who enforce security interests do not qualify as 'debt collectors' under the FDCPA, except for purposes of § 1692f(6)."[8] Stamper v. Wilson & Associates, P.L.L.C., 3:09-CV-270, 2010 WL 1408585, at *3 (E.D. Tenn. Mar. 31, 2010); Morris, 2011 WL 1337404, at *4. Accordingly, Plaintiff's FDCPA claim must be dismissed as a matter of law as to Defendants.

---

[7] As a general rule, the FDCPA does not apply to "debt collectors collecting their own debts or to loan servicers," such as Marix and Trucap in the instant case. See Bridge v. Ocwen Fed. Bank, 669 F. Supp. 2d 853, 857 (N.D. Ohio 2009) (citing Montgomery v. Huntington Bank, 346 F.3d 693, 698-699 (6th Cir. 2003)). While an exception exists where the "debt was not in default at the time it was assigned," in circumstances where the interest was assigned from the initial to the current holder/servicer, see Morris, 2011 WL 1337404, at *6, as Plaintiff correctly points out, see Compl. at ¶ 44, Plaintiff has not proffered any *factual* allegations sufficient to raise this allegation "above the speculative level." Twombly, 550 U.S. at 555.

[8] Plaintiff does not allege a violation of 15 U.S.C. § 1692f(6) in his Complaint. See generally Compl. Where a Plaintiff fails to raise a claim specifically pursuant to § 1692f(6), Plaintiff's FDCPA claim should not survive solely on this basis. See, e.g., Morris, 2011WL 1337404, at *6.

### 2. Plaintiff is not entitled to equitable and/or injunctive relief.

In his prayer for relief in the Complaint, Plaintiff demands "[t]hat the sale of Plaintiff's real estate be set aside;" and "[t]hat the eviction proceedings be dismissed." <u>See</u> Compl. at pp. 7-8 ¶¶ 5-6. Plaintiff is apparently seeking equitable and/or injunctive relief based on his FDCPA claim and/or negligence claim. However, no such relief is available to Plaintiff as a matter of law. Consequently, Plaintiff's requested relief must be denied.

Pursuant to 15 U.S.C. § 1692(K), civil liability can be imposed upon a debt collector who fails to comply with certain aspects of the FDCPA. However, equitable and/or injunctive relief is unavailable under the FDCPA. <u>See</u> <u>Kafele v. Lerner Sampson & Rothfuss, LPA</u>, 62 Fed. Appx. 584, 585 (6th Cir. 2003) ("Kafele asked that the district court void the state court's foreclosure proceedings. However, this form of relief is not available under the FDCPA. At most, Kafele would be entitled to $1,000 in damages.").

Similarly, Plaintiff cannot seek equitable and/or injunctive relief on his state law negligence claim, as an adequate remedy at law exists. <u>See, e.g.</u>, <u>Taylor v. Unumprovident Corp.</u>, No: 1:03-cv-1009, 2005 WL 3448052, at *6 (E.D. Tenn. Dec. 14, 2005); <u>Pulliam v. Allen</u>, 466 U.S. 522, 552 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984) (explaining generally that "equitable relief will be unavailable unless the plaintiff can show 'an inadequate remedy at law and a serious risk of

irreparable harm'"). Accordingly, any request to halt an eviction and/or set aside a foreclosure sale must be denied as an unavailable remedy to Plaintiff.[9]

### 3. Plaintiff's Negligence Claim Fails as a Matter of Law.

Although not clearly alleged in the Complaint, it appears that Plaintiff is attempting to assert two separate bases for his negligence claim against Defendants: (1) Defendants were negligent based on a purported violation of the FDCPA; see Compl. at p. 4, ¶ 24 ("[Defendants] were negligent in their handling of the foreclosure proceedings, in that they failed to investigate the Plaintiff's claims as set forth in his letter to Weiss dated October 4, 2011 and they failed to respond to the Plaintiff's demand for verification of the debt as demanded by the letter to Weiss dated October 4, 2011"); and (2) Defendants were negligent because they purportedly failed to provide proper notice of the foreclosure; see

---

[9] While Plaintiff's prayer for relief also raises a request for damages based on purportedly improperly reporting of "Plaintiff's credit" information, see Compl. at p. 7, ¶ 2, any such claim would be precluded under 15 U.S.C. § 1681h(e) absent any allegation of "malice or willful intent to injure the plaintiff" which is not present in the Complaint at bar. See, e.g., Love-Sawyer v. Equifax, Inc., No. 3:09-0647, 2009 WL 3169679, at *4 (M.D. Tenn. Sept. 29, 2009). In any event, all of Plaintiff's claims in the Complaint are deficient such that the entire lawsuit should be dismissed. Plaintiff's requested relief also includes "punitive damages." See Compl. at ¶ 46(f). However, punitive damages are not available under the FDCPA, see Beaudry v. Telecheck Services, Inc., No. 3:07-cv-0842, 2010 WL 2901781, at *4 (M.D. Tenn. July 20, 2010) (citing 15 U.S.C. § 1692k(a)), nor are punitive damages available for Plaintiff's negligence claim as drafted, see Beal v. Walgreen Co., 408 Fed. Appx. 898, 903 (6th Cir. 2010). Of course, if all of Plaintiff's substantive claims fail as addressed herein, any such derivative claim for punitive damages must necessarily be dismissed. See Love-Sawyer, 2009 WL 3169679, at *5.

Compl. at p. 5, ¶ 25 ("[Defendants] were negligent in the way that they handled the foreclosure sale in that they failed to provide the Plaintiff with adequate notice of the date and time of the foreclosure sale to allow the Plaintiff adequate time to protect his interests with regard to the foreclosure sale.").

To prevail on a negligence claim, a Plaintiff must establish five elements: "(1) a duty of care owed by defendant to plaintiff; (2) conduct below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause." McCall v. Wilder, 913 S.W.2d 150, 153 (Tenn. 1995). No claim for negligence can succeed in the absence of any one of these elements. See Kilpatrick v. Bryant, 868 S.W.2d 594, 598 (Tenn. 1993). Whether one party owes another a duty is a question of law. Crisp v. United States, 1:10-CV-01025-JDB, 2011 WL 2601537 (W.D. Tenn. July 1, 2011). As shown below, Plaintiff's attempts to allege a negligence claim fail, because he does not satisfy the requisite elements. Accordingly, Plaintiff's Complaint must be dismissed.

> i. *Plaintiff's FDCPA Negligence Claim Fails as a Matter of Law.*

Plaintiff's negligence claim seems to be based, in part, on an alleged violation of the FDCPA. See Compl. at p. 4, ¶ 24 ("[Defendants] were negligent in their handling of the foreclosure proceedings, in that they failed to investigate the Plaintiff's claims as set forth in his letter to Weiss dated October 4, 2011 and they

failed to respond to the Plaintiff's demand for verification of the debt as demanded by the letter to Weiss dated October 4, 2011"). As shown above, Plaintiff has not sufficiently alleged an FDCPA claim as to Defendants. See *supra*, pp. 5-8. Among other deficiencies as to Plaintiff's FDCPA claim, Plaintiff's Complaint reveals that Defendants are merely seeking to enforce a security interest and, consequently, are not debt collectors under the FDCPA. See id. Accordingly, because Plaintiff has failed to set forth a cognizable FDCPA claim, his negligence claim on this basis as to Defendants must be dismissed.

> ii. *Plaintiff's "lack of notice" Negligence Claim Fails as a Matter of Law.*

Although not clearly alleged in the Complaint, Plaintiff seems to assert that Defendants were negligent because they did not provide proper notice of the foreclosure sale. See Compl. at p. 5, ¶ 25 ("[Defendants] were negligent in the way that they handled the foreclosure sale in that they failed to provide the Plaintiff with adequate notice of the date and time of the foreclosure sale to allow the Plaintiff adequate time to protect his interests with regard to the foreclosure sale."). Plaintiff's Complaint and exhibits attached thereto indicate the following volley of communications by and between Plaintiff and Defendants:

> (1) Defendants, through Weiss, provided notice of the foreclosure sale on September 2, 2011, (see Compl. at ¶ 12);

(2) Plaintiff's responded to that letter on October 4, 2011, <u>see</u> (Compl. at ¶ 14), and again on October 20, 2011, <u>see</u> (Compl. at ¶ 15);

(3) Defendants acknowledged Plaintiff's correspondences on October 21, 2011, (<u>see</u> Compl. at ¶ 16);

(4) Plaintiff's responded on October 28, 2011, (<u>see</u> Compl. at ¶ 17);

and (5) Defendant's responded on October 25, 2011, (<u>see</u> Comp. at ¶ 18), and on October 2, 2011, (<u>see</u> Compl. at ¶ 19).

The sum and substance of the grievance raised by Plaintiff based on these communications is that Defendants "failed to provide the Plaintiff with adequate notice of the date and time of the foreclosure sale to allow the Plaintiff adequate time to protect his interests with regard to the foreclosure sale." <u>See</u> Compl. at ¶¶ 25, 35 and 42. However, pursuant to Tennessee law, a party may postpone or adjourn a foreclosure sale "[u]nless postponement or adjournment is contractually prohibited," as long as the following provisions are met:

> (1) The sale must be held within one [. . .] year of the originally scheduled date; (2) Each postponement or adjournment must be to a specified date and time, and must be announced at the date, time and location of each scheduled sale date; (3) If the postponement or adjournment is for more than thirty (30) days, notice of the new date, time, and location must be mailed no less than (10) calendar days prior to the sale date via regular mail to the debtor and co-debtor; and (4) Notice of the right to postpone or adjourn without additional newspaper publication shall not be required to be published in any newspaper publication.

<u>See</u> TCA § 35-5-101.

Here, the sale was held within one year of the originally scheduled date.  See Compl. at Ex. F.  Additionally, on October 25, 2011, Defendants sent a letter to Plaintiff stating that the foreclosure sale scheduled for October 25, 2011 was postponed and that the new sale date would be November 1, 2011.  See id.; see also id. at Ex. G.  Finally, the postponement was not for more than thirty days.  See id.; see also Compl. at ¶ 20.  Having fully complied with Tennessee foreclosure law, Plaintiff's claims for negligence must be dismissed for failure to state a claim.

4.      Plaintiff's Emotional Distress Claim Fails as a Matter of Law.

Although completely unclear, Plaintiff may be asserting a cause of action for reckless infliction of emotional distress.  See Compl. at p. 6, ¶ 37 ("The foregoing reckless and fraudulent misconduct on the part of Defendants [. . .] has proximately caused Plaintiff to suffer actual damages in the form of [. . .] severe emotional distress.").  In order to prevail on a reckless infliction of emotional distress claim, Plaintiff must allege and prove: (1) that the conduct complained of was reckless; (2) that the conduct was so outrageous that it is not tolerated by civilized society; and (3) that the conduct complained of must have caused serious mental injury." Doe 1 ex rel. Doe 1 v. Roman Catholic Diocese of Nashville, 154 S.W.3d 22, 41 (Tenn. 2005)

Here, Plaintiff has failed to properly plead any of these elements.  See generally Compl.  In fact, Plaintiff only states "[t]he foregoing conduct of the part

of the Defendants [. . .] amounts to a gross deviation from the reasonable duty of ordinary care [. . .] and was reckless." See Compl. at p. 5, ¶ 34. However, Plaintiff has in no way explained *how* foreclosing on the Property pursuant to a validly held security interest deviates from the norms "tolerated by civilized society."[10] See generally id. Moreover, Plaintiff states there was "severe emotional distress" without providing any explanation of a "severe mental injury," much less what that injury was. See id. Consequently, this claim fails and Plaintiff's Complaint must be dismissed. See Love-Sawyer, 2009 WL 3169679, at *5 (dismissing plaintiff's claim for infliction of emotional distress).

## IV.    CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court dismiss the Complaint with prejudice. Based upon the facts, arguments and citations of law contained in its motion and supporting pleadings, Defendants respectfully pray for the following relief:

(A)    That Plaintiff's prayers for relief be denied;

(B)    That Plaintiff's Complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted;

(C)    That all costs of this civil action be charged against Plaintiff; and

---

[10] Merely alleging that Plaintiff's property was foreclosed upon is insufficient to raise a claim to claim to the level of conduct that is so "outrageous that it is not tolerated by civilized society." See, e.g., Launius v. Wells Fargo Bank, N.A., No. 3:09-CV-501, 2010 WL 3429666, at *5 (E.D. Tenn. 2010).

(D)   That the Court grant such other and further relief as this Court deems
        just and proper.


Respectfully submitted, this 15th day of February, 2012.




                                BONE McALLESTER NORTON PLLC


                                 /s/ *William J. Haynes, III*
                                David M. Anthony # 19951
                                William J. Haynes, III #17398
                                511 Union Street, Suite 1600
                                Nashville, Tennessee 37219
                                (615) 238-6300
                                e-mail:     danthony@bonelaw.com
                                            whaynes@bonelaw.com

                                *Counsel for Defendants, Trucap Reo Corp.*
                                *and Marix Servicing, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the within and foregoing **MEMORANDUM OF MARIX SERVICING, LLC & TRUCAP REO CORP. IN SUPPORT OF MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system that will automatically send e-mail notification of such filing to the attorneys of record, each of whom is a registered participant in the Court's electronic notice and filing system and each of whom may access said filing via the Court's CM/ECF system, and/or via first class United States Mail, postage prepaid to:

Robin J. Gordon #14618                    Weiss Spicer Cash, PLLC
803 18th Ave. South                       Registered Agent:  Arnold M. Weiss
Nashville, TN 37211                       208 Adams Avenue
robin@gordonlawgroup.com                  Memphis, Tennessee 38103-1991
*Counsel for Plaintiff*

    On this the 15th day of February, 2012.


                /s/ *William J. Haynes, III*