UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JARRED JOHNSON | ) |
| Plaintiff, | ) |
| | ) No. 3:12-cv-00186 |
| v. | ) |
| TRUCAP REO CORP., MARIX SERVICING, LLC and WEISS SPICER CASH, PLLC | ) Removed from Chancery Court for the 21st Judicial District of Tennessee (Williamson County) No. 40536 |
| Defendants. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ALTER OR AMEND ORDER OF DISMISSAL

COMES NOW, Plaintiff Jarred Johnson, by and through the undersigned counsel, pursuant to Local Rule 7.01(a) and Rule 59 of the Federal Rules of Civil Procedure, and files this Memorandum of Law in Support of his Motion to Alter or Amend Order of Dismissal, and would state as follows:

### BACKGROUND

This motion arises out of this Court's entry of an Order on March 21, 2012 which dismissed this cause against some but not all defendants. Defendants TruCap REO Corp. and Marix Servicing, LLC, only, were dismissed from this cause. Service has not yet been effectuated against Defendant Weiss Spicer Cash, PLLC ("WSP"), but service is in the process of being completed within the time permitted by Rule 4(m) of the Federal Rules of Civil Procedure. The Order was issued because Plaintiff's former counsel did not file a response to the

1

Motion to Dismiss filed by Defendants TruCap REO Corp. and Marix Servicing, LLC.

Only after entry of the Order did Plaintiff learn that the aforesaid Motion to Dismiss had been filed, that his former counsel failed to respond, and that this Court had dismissed his causes of action against Defendants TruCap REO Corp. and Marix Servicing, LLC, effectively by default. Said Order has obviously prejudiced Plaintiff's case and such prejudice has arisen through no fault of Plaintiff, himself. As demonstrated by the Affidavit of Plaintiff filed herewith, Plaintiff did not know of his former counsel's failure to act. The failure was not within his reasonable control. Upon learning of the Order, Plaintiff immediately terminated his former counsel and mailed a *pro se* filing to the Court in desperation (filed April 16, 2012). Plaintiff then hired the undersigned counsel to timely file a proper motion compliant with this Court's Local Rules. Only Plaintiff's former counsel was in a position to protect Plaintiff from precisely what occurred here. Only the Court is in a position to rectify the harm to Plaintiff.

The undersigned counsel has learned from Plaintiff's former counsel that an attorney assisting in handling the case within Plaintiff's former law firm lost his father on February 15, 2012 and had to take considerable time off to deal with personal and family issues. *See* Affidavit of Robin Gordon. As a result of this personal family hardship, a timely response or motion for extension was not filed by Plaintiff's prior law firm. *Id.* The mistake was due to accidental inadvertence and not to purposefully delay or prejudice any party, particularly Plaintiff. *Id.*

2

## ARGUMENT

Rule 59(e) of the Federal Rules of Civil Procedure states that a motion to alter or amend a judgment may be filed within 28 days after entry of the order of judgment to which relief is sought. The Order was entered on March 21, 2012, and this motion is timely filed pursuant to Rule 59(e). It is within the discretion of the Court to grant Plaintiff relief under Rule 59, and this Court's decision is subject to the deferential abuse of discretion standard upon this issue. *Huff v. Metro Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982).

Pursuant to Rule 59, a court may alter a judgment based on: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent a manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

Plaintiff submits that general principles of judicial administration favor, whenever feasible, joinder of all persons materially interested in the subject matter of an action so they may be heard and a complete disposition made. *See* Fed. R. Civ. P. 19 and 20. Here, without the setting aside of the Order, the case will proceed against one of the parties alleged to have jointly caused damage to Plaintiff and not against all responsible parties. Justice is not served when timely asserted claims are never considered on the merits and when dismissal of some but not all related parties leaves the remaining party exposed to a later and potentially inconsistent outcome. Plaintiff further respectfully submits that this Court's Order results in a manifest injustice to him, because it dismisses his claims with prejudice against two defendants in this cause, said dismissal was

3

occasioned by events beyond his control and knowledge, and justice should demand adjudication of the entire case among all parties. If this motion is granted, all defendants bearing responsibility for the harm to Plaintiff will be properly joined.  Permanent dismissal of two defendants not only prejudices Plaintiff but may in fact prejudice WSP.  Irrespective of the effect on WSP, however, the matter remains pending before this Court upon the very issues asserted in the Motion to Dismiss upon which Plaintiff seeks an adjudication on the merits.

The gravamen of Plaintiff's Complaint is the institution of wrongful foreclosure proceedings in violation of the Fair Debt Collection Practices Act ("FDCPA") by the dismissed defendants and WSP, their attorney.  The FDCPA protects consumers from unlawful debt collection practices, regardless of whether a valid debt actually exists.  Moreover, the FDCPA encourages aggrieved consumers to file suit to remedy false and unfair collection practices irrespective of the validity of the debt.

There are counts against all parties for negligence, recklessness, and violation of the FDCPA. Exhibit A to the Complaint is written by WSP on behalf of Marix Servicing, LLC and lists Plaintiff's rights under the FDCPA.  Truecap REO Corp. purchased the property at foreclosure.  Complaint, Ex. H.  In spite of the promise under the FDCPA to provide documentation regarding the loan to Plaintiff, the defendants all proceeded to foreclose without doing so. Complaint, Ex. G, H.

Discovery conducted among all defendants is critical to gauge the liability of each, including the liability of WSP. Since the Supreme Court's 1995 ruling in *Heintz, et al. v. Jenkins* that collection lawyers are covered by the FDCPA, a vast body of case law has amassed. 514 U.S. 291 (1995). At present, Plaintiff has not finally confirmed whether the dismissed defendants purchased the debt or are exempt creditors. WSP identifies itself as a law firm that "collects debts for mortgage lenders." Complaint Ex. G. Even where there exists an exempt creditor and not a debt collector, attorneys filing collection actions are debt collectors themselves subject to suit so long as collecting consumer debts is part of their regular business activities. *See National Consumer Law Center, Fair Debt Collection Section,* Section 4.2.8 (6th ed. 2008). Attorneys who institute foreclosure proceedings to directly or indirectly collect the underlying debt are subject to FDCPA coverage even when their clients are exempt creditors/mortgagees or mortgage servicers. *See, Id.,* Sections 4.2.6.3, 4.2.8; *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, et al.*, 130 S.Ct. 1605 (2010). Plaintiff argues that the actions of WSP brought the underlying foreclosure within the purview of and subject to the FDCPA and violated the FDCPA. The foreclosure was taken on behalf of the dismissed defendants under the FDCPA. It is critical to determine through discovery whether WSP, as the agent of the dismissed defendants, abandoned the interests of the principal(s), and to determine exactly what WSP was engaged to do. In *Frascogna v. Wells Fargo Bank, N.A.*, 2009 WL 2843284 (S.D. Miss. Aug 31, 2009), summary judgment was granted to a foreclosure attorney because discovery showed that

5

the law firm was not hired to collect any deficiency and thus was not a debt collector subject to the FDCPA. On the other hand, in *Johnson v. Wilshire Credit Corp.*, 2009 WL 559950 (E.D. Tenn. Mar. 5, 2009), a substitute trustee's motion for summary judgment was denied because he failed to establish through discovery among the parties that his law firm was not otherwise a debt collector while pursuing the underlying home foreclosure. WSP's actions and own written admissions will confirm that it acts and was acting as a debt collector subject to the FDCPA and for the benefit of the dismissed defendants who improperly and illegally foreclosed on Plaintiff's property without following the procedures required by the FDCPA. All defendants should be parties to this case. The Court now has before it a mechanism by which it can alter its Order to allow adjudication as to the case as a whole, rather than by halves.

WHEREFORE, Plaintiff respectfully prays that this Court alter or amend its Order entered on March 21, 2012 to reinstate the Complaint against Defendants Truecap REO Corp. and Marix Servicing, LLC, and to allow the undersigned counsel additional and reasonable time in this cause, not to exceed 14 days, to file an appropriate response to the Motion to Dismiss filed on February 15, 2012, or alternatively to amend said Order to a dismissal without prejudice.

                                          ____/s/ David Wade_____
                                          David Wade (#4166)
                                          Brett A. Schubert (#23356)
                                          Martin, Tate, Morrow & Marston, PC
                                          Attorneys for Plaintiff
                                          6410 Poplar Avenue, Ste 1000
                                          Memphis, TN 38119
                                          (901) 522-9000
                                          dwade@martintate.com
                                          bschubert@martintate.com

## **CERTIFICATE OF SERVICE**

      I, David Wade, affirm that the foregoing has been served via ECF upon David M. Anthony, Bone McAllester Norton, PLLC, counsel for Defendants Trucap REO Corp. and Marix Servicing, LLC, 511 Union Street, Ste 1600, Nashville, TN 37219, and by U.S. Mail postage prepaid to Weiss Spicer Cash, PLLC, c/o Arnold Weiss, 208 Adams Avenue, Memphis, Tennessee 38103, this the 18th day of April, 2012.

                                      ___/s/David Wade_____
                                      David Wade